## GEORGE L. BRYANT

### *vs.*

## THE GREAT NORTHERN PAPER COMPANY.

### Somerset. ◦ Opinion April 12, 1905.

| 100 | 171 |
|-----|-----|
| 103 | 34 |
| 100 | 171 |
| 104 | 564 |

*Master and Servant. Notice of Danger. Assumption of Risk.*

The duty of an employer to give notice to his servant of dangers in the operation of machinery, or of changes in machinery, which increase or which change the nature of dangers to be avoided, is confined to such dangers and changes as are not known to the servant, and to such as would not naturally be discovered by him by the exercise of the power of observation on his part. It is not the duty of an employer to give his servant notice of anything which the latter has an ample opportunity to become aware of himself by observation, if he exercises that reasonable care which the law requires of him in order to protect himself from harm.

As to the plaintiff's first cause of complaint, that there might have been at the place where he was caught between the cogwheels, guards or a protection of some kind which would have prevented an accident of that nature the plaintiff cannot recover, because, if there should have been some protection other than was provided, the plaintiff knew that there was none, and by his continuing in the employment for a long period of time with full knowledge of the absence of such protection as he claimed should have been furnished, he assumed the risk attendant upon the performance of his work about this machinery in the condition in which it was.

As to the second cause of complaint, that during his absence from the mill on account of sickness the revolution of the cogwheels was changed, so

that they revolved towards each other, upon the top, instead of away from each other as before, without notice being given to him or knowledge had by him, the Court is satisfied that he had ample opportunity during the four weeks that he was engaged as oiler of the machinery after this change was made, to observe it both by his sense of sight and from the fact that by reason of the change it was necessary for him to entirely change his movements in his work of oiling the shaft, a duty performed by him twice each day. And that, if, as he says, he did not observe in any way during this period of four weeks, that the change had been made, it was simply the result of his thoughtless inattention.

*Held*: that the accident to the plaintiff cannot be attributed to any fault upon the part of the defendant.

On motion by defendant.  Sustained.

Action on the case to recover damages for personal injuries sustained by the plaintiff in the defendant's mill, at Madison, where he was employed.  Verdict for plaintiff for $2500.  Defendant then filed a general motion for a new trial.

The case is sufficiently stated in the opinion.

*Forrest Goodwin*, for plaintiff.

*E. N. Merrill*, for defendant.

SITTING:  WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WISWELL, C. J.  While the plaintiff was engaged in his work of oiling certain machinery and shafting in the defendant's pulp mill, he, in some way, became caught in the cogwheels of a plunger pump and sustained serious injury.  To recover for this injury he brought this action, and, at the trial, recovered a verdict with damages assessed at $2500.  The case comes here on the defendant's motion for a new trial.

The plaintiff's first cause of complaint, is that there might have been, at the place where he was caught between the cogwheels, guards or a protection of some kind which would have prevented an accident of that nature, and that the defendant was negligent in failing to provide such protection as was feasible.  Assuming the truth of the plaintiff's contention in this respect, the complete answer to it, and one which should prevent his recovery upon that ground, is, that the plaintiff had been engaged in this particular work, oiling

this identical pump, from early in October until the time of the acci-
dent on February 22, 1903, a period of nearly five months, except
that he had been out of the mill during that time, on account of
sickness, for about five weeks.    If there should have been some pro-
tection other than was provided by the defendant, the plaintiff knew
that there was none, and by his continuing in the employment for
this period of time with a full knowledge of the absence of such pro-
.tection as he claims should have been furnished, he assumed the risk
attendant upon the performance of his work upon this machinery in
the condition in which it was.

Another cause of complaint is this: prior to the time that the
plaintiff was absent from his work on account of sickness, for a
period of about five weeks, this pump was driven by steam power
and the two cogwheels connected therewith, and between which he
was caught, revolved outward or away from each other, on top.
While he was out of the mill, the steam engine was replaced with
an electric motor, and the direction of the revolution of the cog-
wheels was changed so that they revolved inward or towards each
other, on top, thereby, it is claimed, increasing the chance of injury
to him.    And of this change he complains that he received no notice
and had no knowledge.    But from the time that the plaintiff came
back to his work, after his absence of five weeks, and after the direc-
tion of the revolution of the wheels had been changed, he worked as
an oiler upon this same pump and in the immediate vicinity of the
intersection of these cogwheels for four weeks, oiling the bearings
twice each day.    One of these wheels was forty-two inches in
diameter, about twelve feet in circumference, and its revolution was
only twenty-six times a minute, so slow that anyone whose duty
called him into its vicinity could easily observe the direction of its
revolution.    Not only this, the reversal of the revolution of the
wheels caused a reversal of the crank shaft which made a complete
revolution with each revolution of the larger wheel.    There was a
receptacle for oil on top of this crank shaft which had to be sup-
plied with oil while in motion; to do this, the oiler was obliged to
insert the nozzle of his oil can in the oil receptacle and follow it so
long as he could in its revolution.    Revolving in one direction, this

was done while the crank shaft was going up, in the other, while it was going down. So that the oiler, not only had ample opportunity to observe the change in the direction of the revolution of the wheel by the use of his sense of sight, but this change in the movement of the crank shaft also caused him to entirely change his movements in the performance of his duty of oiling the shaft.

If, as he says, he did not observe in any way that this change had been made during the period of four weeks that he was at work. upon the pump after the change had been made, it was, we feel satisfied, simply the result of his thoughtless inattention. The duty of an employer to give notice to his servant of dangers in the operation of machinery, or of changes in machinery which increase or which change the nature of dangers to be avoided, is confined to such dangers or changes as are not known to the servant, or to such as would not naturally be discovered by him by the exercise of the powers of observation on his part. It is not the duty of the employer to give his servant notice of anything which the latter has a perfect opportunity to know himself by observation, if he exercises that reasonable diligence which the law requires of him to protect himself from harm.

After a careful consideration of the whole testimony, and notwithstanding the verdict of the jury, we feel satisfied that the unfortunate accident to the plaintiff cannot be attributed to any fault upon the part of the defendant, that consequently he is not entitled to be compensated in damages, and that the verdict was clearly wrong.

*Motion sustained. New trial granted.*